UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JENNIFER DAWN ROAHRIG,

Plaintiff,

v.

MARSHALL COUNTY,

Defendant.

CAUSE NO. 3:21-CV-26-RLM-MGG

OPINION AND ORDER

Jennifer Dawn Roahrig, a prisoner without a lawyer, filed a complaint attempting to raise five unrelated claims. ECF 42. She was granted time to file an amended complaint limited to related claims and cautioned if she did not, "the court will select one claim and dismiss any unrelated claims." ECF 45 at 2. Her amended complaint presents four the five[1] groups of unrelated claims. ECF 50. Therefore, the court will select a claim and "solve the [unrelatedness] problem by . . . dismissing the excess defendants under Fed. R. Civ. P. 21." Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012). The claim to be retained in this case is the allegation she is being subjected to ongoing, unconstitutional conditions of confinement at the Marshall County Jail. All other claims will be dismissed without prejudice. She must file separate lawsuits if she wants to pursue them further.

---

[1] "First, she makes various allegations about how she believes her State criminal cases are being mishandled. Second, she alleges she wasn't properly arrested. Third, she alleges she is being held illegally in the Marshall County Jail. Fourth, she alleges she is subjected to unconstitutional conditions of confinement at the Marshall County Jail. Fifth, she alleges she isn't receiving proper medical treatment at the Marshall County Jail." ECF 45 at 1.

Ms. Roahrig, a pre-trial detainee, alleges male guards work in her cell block and see her in various stages of undress. "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." <u>Bell v. Wolfish</u>, 441 U.S. 539 (1979). "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" <u>Kingsley v. Hendrickson</u>, 576 U.S. 389, 398 (2015) (*quoting* <u>Bell</u>).

The complaint contains no allegation of an intent to punish. The complaint alleges:

> I know as inmates we do not get the same privacy privileges as most people do, but when you have male jailers coming in and out of the pod unannounced and working in "Pod Control" and can see straight into all cells there is no privacy for dressing, changing, going to the bathroom, and showering. It is a bit perverse and voyeuristic. It is also a violation of my rights.

ECF 50 at 16. It is understandable why Ms. Roahrig is uncomfortable, but being observed by guards is essential to safety and security at the jail.

> Guards take control of where and how prisoners live; they do not retain any right of seclusion or secrecy against their captors, who are entitled to watch and regulate every detail of daily life. After *Wolfish* and *Hudson*, monitoring of naked prisoners is not only permissible . . . but also sometimes mandatory.
> . . .
> Surveillance of prisoners is essential, as *Wolfish* establishes. Observation of cells, showers, and toilets is less intrusive than the body-cavity inspections *Wolfish* held permissible. Guards do the surveillance. Male guards and female guards too . . ..
> . . .

> [F]emale guards . . . see male prisoners in states of undress.
> Frequently. Deliberately. Otherwise they are not doing their jobs.

<u>Johnson v. Phelan</u>, 69 F.3d 144, 146 (7th Cir. 1995). The complaint does not plausibly allege that having male guards observe Ms. Roahrig at the Marshall County Jail is excessive in relation to the need for safety and security.

This complaint doesn't state a claim for which relief can be granted and Marshall County isn't a proper defendant. It appears the only possible claim Ms. Roahrig might have, based on (and consistent with) the events described in this complaint, is an allegation that an individual male guard was objectively unreasonable in the way he observed her. It seems unlikely such an event occurred since she doesn't describe one in this complaint, but it is possible this is what she meant when she wrote "It is a bit perverse and voyeuristic." ECF 50 at 16. If such an event occurred, she needs to file an amended complaint naming that guard as the defendant and describing when, where, and how this happened to her. If not, it appears futile for her to file an amended complaint in this case.

For these reasons, the court:

(1) DISMISSES WITHOUT PREJUDICE all claims not related to Jennifer Dawn Roahrig's allegation she is being subjected to ongoing, unconstitutional conditions of confinement at the Marshall County Jail

(2) GRANTS Jennifer Dawn Roahrig until **<u>February 28, 2022</u>**, to file an amended complaint based on (and consistent with) the conditions of her confinement described in the current complaint (ECF 50); and

3

(3) CAUTIONS Jennifer Dawn Roahrig if she does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on January 25, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT